GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-22-01035-PHX-SPL (MTM) |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| Javaris Marquez Tubbs, Jr., | |
| Defendant. | |

Defendant JAVARIS MARQUEZ TUBBS, JR. ("Defendant") pleaded guilty to Count 1, Dealing Firearms Without a License. The United States recommends that Defendant receive a sentence of 18 months' imprisonment. The United States further recommends that Defendant receive a term of 3 years' supervised release.

The United States has no objections or corrections to the Presentence Report ("PSR"). The United States agrees with the PSR calculations resulting in a Total Offense Level of 13 and Criminal History Category III. PSR at ¶¶ 27 and 33. This results in a Guidelines range of 18–24 months' imprisonment. This recommendation is supported by the following Memorandum of Points and Authorities.

<strong>MEMORANDUM OF POINTS AND AUTHORITIES</strong>

## I.      FACTS AND PROCEDURAL HISTORY

A grand jury indicted Defendant on August 16, 2022. On May 8, 2023, Defendant pleaded guilty to Count 1 of the Indictment, Dealing Firearms Without a License, in

violation of 18 United States Code §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D).  Defendant agreed with the following facts in his plea agreement at the change of plea proceeding:

> From on or about August 13, 2020, through on or about August 16, 2020, in the District of Arizona, I, JAVARIS MARQUEZ TUBBS, JR., willfully purchased firearms for the purpose of reselling them for a profit or trading them for other firearms, which I would then resell for a profit. I purchased at least seven firearms from Federal Firearms Licensees (FFLs), and I re-sold them at a higher price, retaining the profits. I have never possessed a license to engage in the business of dealing firearms.

> At the time that I purchased these firearms, I knew that I had been convicted in the Superior Court of California, County of Contra Costa, on June 26, 2019, of Possession of an assault weapon, a felony, for which I was sentenced to 180 days' imprisonment plus three years' probation.

In addition to the facts in the plea agreement, it is important to consider these facts as well:  Defendant resides in California, where gun laws are stricter than in Arizona. Defendant is a felon, and felons cannot legally purchase firearms.  Since Defendant was not able to purchase firearms using his true identity, he used a fraudulent driver's license to purchase firearms in Arizona.  When law enforcement searched the room in which Defendant resided, they found four firearm cases, a box for a 50 round drum magazine (no 50 round magazine was located), several magazines (including two 17 round magazines), numerous live rounds of ammunition, and items associated with identity theft.

## II.    UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Defendant receive a low-end Guideline sentence of 18 months in the Bureau of Prisons ("BOP") followed by a term of 3 years' supervised release.  As calculated in the PSR, Defendant has a Total Offense Level of 13, Criminal History Category III, and a Guidelines range of 18–24

months' imprisonment.  The United States will dismiss Counts 2-8 of the Indictment at the time of sentencing.

### A.    A Sentence of 18 month in BOP is Appropriate under § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted).  The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court.  *Id*. (citations omitted).  When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).  As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50).  The United States submits that 18 months' imprisonment for this Defendant is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1.    Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1).  The nature and circumstances of Defendant's offenses call for a Guideline prison sentence.  Defendant traveled from California to Arizona to purchase seven firearms using a fake driver's license at four different FFLs.  Two of the firearms were recovered in California.  The nature and circumstances of Defendant's actions justify a sentence of 18 months in the BOP.

### 2.    Defendant's History and Characteristics

Defendant's history and characteristics weigh in favor of a Guideline sentence. Defendant has two prior felony convictions and was on probation at the time of this offense. Thus, Defendant's criminal history is a category of III.  A Guidelines sentence is appropriate.

### 3.    Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Defendant's conduct of purchasing firearms with a fake license and reselling them poses danger to the community. Therefore, a prison sentence is appropriate.

### 4.    The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).  A prison sentence is appropriate to deter Defendant from committing future crimes.  The need for deterrence also extends beyond preventing recidivism by Defendant.  General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant.  *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing").  Defendant's sentence must be sufficient to deter Defendant and other persons who may consider dealing firearms without a license.

### 5.    Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C).  Defendant, a felon, used a fake license to buy firearms, two of which ended up in California.  When his room was searched law enforcement found firearm boxes, large capacity magazines, ammunition, and identity theft paraphernalia.  A Guidelines sentence is appropriate.

### 6.    Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D).  Defendant has a history of substance abuse and may also need mental health treatment.  (P.S.R. ¶¶ 57-59.)  Defendant can receive treatment for both

issues while in prison. Successful treatment could also help to protect the public from any future crimes by Defendant.

**B.     A 3-Year Term of Supervised Release is Appropriate under § 3583(c)**

The United States recommends that Defendant be placed on supervised release for three years.  This term is warranted by the nature and circumstances of Defendant's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.).  It is also necessary to protect the public from further crimes by Defendant and to deter him from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

**III.    CONCLUSION**

The United States recommends that Defendant receive a low-end Guideline sentence of 18 months' imprisonment.  The United States further recommends that Defendant receive a term of 3 years' supervised release.  For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 16th day of August, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 16, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jeffrey A. Williams
Counsel for Defendant Tubbs

*s/ J. Schesnol*
U.S. Attorney's Office